**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-2062**

---

In Re: CHASE CARMEN HUNTER,

        Petitioner - Appellant.

---

**No. 15-1073**

---

CHASE CARMEN HUNTER,

        Plaintiff – Appellant,

    v.

MARK HERRING,

        Defendant - Appellee.

---

**No. 15-1146**

---

In Re: CHASE CARMEN HUNTER,

        Petitioner - Appellant.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge (3:14-cv-00648-REP); Henry E. Hudson, District Judge (3:14-cv-00705-HEH); Robert E. Payne, Senior District Judge (3:14-cv-00648-REP).

---

Submitted: July 30, 2015             Decided: November 5, 2015

Before DUNCAN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Chase Carmen Hunter, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

These consolidated appeals arise out of two identical petitions for relief before different judges in the same district court. In Nos. 14-2062 and 15-1146, Chase Carmen Hunter appeals the district court's orders (1) conditionally dismissing her request for injunctive relief; (2) dismissing her request for temporary, preliminary, and permanent injunctive relief, and denying her motions for permission to electronically file her submissions and to appoint counsel; and (3) denying her motion for reconsideration and recusal. In No. 15-1073, Hunter appeals the district court's order dismissing as frivolous her similar request for temporary, preliminary, and permanent injunctive relief.

Hunter first challenges the district courts' denials of her motions for temporary restraining orders. Because we lack jurisdiction to review the denial of a temporary restraining order, we dismiss those portions of the appeals. See Virginia v. Tenneco, Inc., 538 F.2d 1026, 1029-30 (4th Cir. 1976).

Hunter next contends that both district courts abused their discretion in denying her requests for preliminary and permanent injunctions. See Emergency One, Inc. v. Am. Eagle Fire Engine Co., 332 F.3d 264, 267 (4th Cir. 2003) (providing standard of review). Our review of the record reveals no such abuse, as the requested injunctions are barred under the Anti-Injunction Act.

3

28 U.S.C. § 2283 (2012) ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").

To the extent Hunter claims that the district courts' dispositions were otherwise erroneous, we disagree. Hunter's petitions are not so complex as to create "exceptional circumstances" warranting the appointment of counsel. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). Nor do we find any support for the contention that the district judges should have recused themselves from her cases. See Liteky v. United States, 510 U.S. 540, 545 (1994) (holding that rulings based on facts in the proceedings "almost never constitute a valid basis for a bias or partiality motion"). Finally, we see no error in the district courts' refusals to grant her permission to file electronically.

Accordingly, we affirm the district courts' orders in part, dismiss the appeals in part, and deny as moot the motion for a stay pending appeal, motion to expedite, and mandamus petition seeking a ruling on the motion for reconsideration. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
